**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

MICHAEL J. LAGUEUX,     :
   Plaintiff,      :   CIVIL ACTION NO.
            :   3:13-CV-339 (JCH)
   v.         :
            :
THOMAS B. LEONARDI,    :   MAY 31, 2013
INSURANCE COMMISSIONER,  :
   Defendant.     :

**RULING RE: DEFENDANT'S MOTION TO DISMISS (Doc. No. 13) and PLAINTIFF'S**
**MOTION FOR RECONSIDERATION (Doc. No. 26)**

## I. INTRODUCTION

Plaintiff Michael J. Lagueux, pro se, brings this action against Thomas B.

Leonardi, the Insurance Commissioner for the State of Connecticut, in both his official

and individual capacities, for a litany of claims related to the denial of Lagueux's

application for an insurance producer's license.  So far as this court is able to discern,

Lagueux asserts violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§

2000e et seq. for gender discrimination and retaliation, violation of Title VI, 42 U.S.C. §

2000d, violation of his constitutional rights to due process and equal protection and

enforced through section 1983 and 1981 of title 42 of the United States Code, violations

of Connecticut state law against libel, defamation, and intentional infliction of emotional

distress, and also seeks declaratory and injunctive relief requiring Leonardi to issue an

Insurance Producer's license to Lagueux despite the prior denial of that license.

Leonardi filed this Motion to Dismiss (Doc. No. 13) as to all claims against him, for lack

of subject matter jurisdiction and for failure to state a claim.

For the following reasons, the Motion to Dismiss is granted as to all claims

except the state law claims, over which the court declines to extend its jurisdiction.  The

court also denies Plaintiff's Motion for Reconsideration (Doc. No. 26) of the court's Order (Doc. No. 25) denying his Motion to Supplement the Complaint.

## II.     STANDARD OF REVIEW

A.  Rule 12(b)(1)

A case is properly dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.  See Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008).  In assessing a motion to dismiss for lack of subject matter jurisdiction, "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff."  Natural Res. Def. Council v. Johnson, 461 F.3d 164, 171 (2d Cir. 2006).  The court, however, refrains from "drawing from the pleadings inferences favorable to the party asserting [jurisdiction]."  APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003).

On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff must establish by a preponderance of the evidence that the court has subject matter jurisdiction over the complaint. See Morrison, 547 F.3d at 170; see also Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000); Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996).  That showing may not be made solely by implication.  See Morrison, 547 F.3d at 170.  A court evaluating a Rule 12(b)(1) motion "may resolve the disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits."  Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000).

B. Rule 12(b)(6)

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must determine whether plaintiff has stated a legally cognizable claim by making allegations that, if true, would show that plaintiff is entitled to relief.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007) (interpreting Rule 12(b)(6), in accordance with Rule 8(a)(2), to require allegations with "enough heft to 'sho[w] that the pleader is entitled to relief'" (alteration in original)).  As with Rule 12(b)(1), the court takes the factual allegations of the complaint to be true, Hemi Grp., LLC v. City of New York, 130 S.Ct. 983, 986–87 (2010), and draws all reasonable inferences in plaintiff's favor, Fulton v. Goord, 591 F.3d 37, 43 (2d Cir. 2009).  However, the tenet that a court must accept a complaint's allegations as true is inapplicable to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (citing Twombly, 550 U.S. at 555).  Additionally, the court considers only "facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference."  Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir. 2005) (citing Newman & Schwartz v. Asplundh Tree Expert Co., 102 F.3d 660, 662 (2d Cir. 1996)).  To survive a motion pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more

than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (2009) (quoting Twombly, 550 U.S. at 556).

## III.   FACTUAL BACKGROUND[1]

Lagueux is a citizen of Connecticut who was actively seeking work as an Insurance Producer. Compl. at 1. Leonardi is the Commissioner of the Connecticut Insurance Department ("Department"). Id. In May 2011, Lagueux was offered a position as an Insurance Producer by AFLAC insurance company. Id. at 3. In June 2011, Lagueux enrolled in and passed a pre-licensing course for potential Insurance Producers at an AFLAC training center. Id. at 3-4. He was subsequently enrolled in the company's sales training classes to sell insurance. Id. at 4. He successfully passed the Insurance Producer's licensing examination, and subsequently applied for an Insurance Producer's license through the website of the Department. Id.

On December 19, 2011, the Department's Licensing Unit issued Lagueux a letter of denial. Id. The letter of denial stated, "Because the Department is charged with protecting the public interest, under sections 38a-702k, 38a-774 and 38a-769 of the Connecticut General Statutes, we are denying your request for a Producer's license." Id. The denial letter also stated, "Included in the information you submitted to us was documentation reflecting multiple convictions for harassment in the second degree, as well as convictions for criminal trespass and violation of probation." Id.

Lagueux challenged the denial of his application, and the Department held an administrative hearing on Lagueux's application. Id. at 4-6. At some point during the

---

[1] The court accepts as true the following facts for the purposes of a Motion to Dismiss.

4

administrative hearing, a department employee named Amy Stegall[2] testified as to the rationale behind the issuance of the denial letter and at some point referenced the license application as "inflammatory," "hostile," and "aggressive."  Id. at 5.

Leonardi, acting as Insurance Commissioner, adopted the recommendation of the hearing officer affirming the denial of the insurance producer license.  Id. at 6.[3] Lagueux appealed this affirmation to the Connecticut Superior Court, which held that the hearing officer's decision (adopted by Leonardi), improperly applied sections 38a-769(c) and (d) to insurance producer licenses and remanded the case to Leonardi.  See Lagueux v. Leonardi, No. CV125015628S, 2012 WL 6582533, *5-6 (Conn. Super. Nov. 20, 2012).  This decision was subsequently appealed by Leonardi to the Connecticut Appellate Court, where it is pending.  See Michael J. Lagueux v. Thomas B. Leonardi, Insurance Commissioner, No. A.C. 35257 (Filed Nov. 28, 2012).

Lagueux filed this action in federal court on March 13, 2013.

IV.    **DISCUSSION**

A.  Motion to Dismiss

Leonardi moves to dismiss all of the counts against him based on a number of theories, including various federal abstention doctrines, the Rooker-Feldman doctrine, res judicata, collateral estoppel, quasi-judicial absolute immunity, the Eleventh

---

[2] The court notes that Ms. Stegall's name is spelled as both "Stegal"  and "Stegall" in the Complaint.  For the sake of consistency with the state court decisions related to this case, the court will use the spelling "Stegall."

[3] Lagueux references and discusses, but does not attach to his Complaint, Leonardi's final decision affirming the denial of the license application and the subsequent appeal of that decision in Connecticut Superior Court.  Because those decisions are integral to the Complaint, and because the court may take judicial notice of them, the court considers them here.  See Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006); Kavowras v. New York Times Co., 328 F.3d 50, 57 (2d Cir. 2003) ("Judicial notice may be taken of public filings").

Amendment, sovereign immunity, and failure to state a claim.  The court notes that

Lagueux's Memorandum in Opposition to the Motion to Dismiss ("Pl.'s Memo. Opp. Mot.

Dismiss") (Doc. No. 20) is not directly responsive to most of Leonardi's arguments.

While the court is aware of its obligations to be solicitous of pro se litigants, pro se

status does not exempt parties from the rules of procedural or substantive law.  See

Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006).[4]

  1.   Younger Abstention

  Leonardi first argues that to the extent Lagueux seeks declaratory and injunctive

relief in the form of an order directing Leonardi to issue Lagueux an insurance

producer's license, these claims are barred by the abstention doctrine outlined in

Younger v. Harris, 401 U.S. 37 (1971).  "Under Younger, abstention is mandatory

where: (1) there is an ongoing state proceeding; (2) an important state interest is

implicated; and (3) the plaintiff has an avenue open for review of the constitutional

claims in the state court."  Parent v. New York, 485 Fed.Appx. 500, 503 (2d Cir. 2012)

(internal quotations and citations omitted).  "Although the Younger doctrine was

originally formulated in the context of criminal proceedings, it now applies with equal

force to civil proceedings, including state administrative proceedings that are judicial in

nature."  Id. (internal quotations and citations omitted).

  Here, there is clearly an ongoing, state proceeding relating to the denial of the

insurance producer's license.  That an important state interest exists in the regulation of

licensure for who can be an insurance producer also cannot seriously be doubted,

---

[4] The court notes that Lagueux's filings, while replete with rather creative imagery, are also rife
with unacceptable and inappropriate ad hominem attacks.

particularly where the decisions below implicate the applicability of several state statutes.

It is clear, too, that Lagueux had an avenue open for review of constitutional claims in the state court, even if he did not pursue them there.  The underlying Superior Court action was an administrative appeal, subject to Connecticut's Uniform Administrative Procedure Act, Conn. Gen. Stat. § 4-183.  See Conn. Gen. Stat. § 4-183; Toomey v. Reider, No. CV 96134029, 1997 WL 120071, *2 (Conn. Super. Feb. 21, 1997) (applying analysis under Conn. Gen. Stat. § 4-183 to appeal from decision of Commissioner of Connecticut Insurance Department to suspend a bail license).  That statute states, "The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . [i]n violation of constitutional or statutory provisions."  Conn. Gen. Stat. § 4-183(j).  Lagueux's federal constitutional claims, along with her other claims, could have been raised in the Superior Court.  See, e.g., Ross v. New Canaan Environmental Commission, No. 3:09CV01966 (PCD), 2010 WL 2351475, *5 (D. Conn. June 8, 2010) ("It is unclear why Plaintiff believes that her constitutional claims could not have been raised during the Superior Court proceedings, as an administrative appeal is considered an ordinary civil action in almost all respects.").  "So long as a plaintiff is not barred on procedural or technical grounds from raising alleged constitutional infirmities, it cannot be said that state court review of constitutional claims is inadequate for Younger purposes."  Hansel v. Town Court for the Town of Springfield, New York, 56 F.3d 391, 394 (2d Cir. 1995); Sastrom v. Berger, No. 303CV671DJSTPS, 2004 WL 253495, *3-4 (D. Conn. Feb. 9,

2004) (abstaining under <u>Younger</u> in a case involving an administrative appeal under

Conn. Gen. Stat. §4-183 and Conn. Gen. Stat. § 17a-597).

Lagueux is clearly trying to enjoin or direct the outcome of an ongoing state

proceeding, an action that implicates important issues of comity.  As such, the court

must abstain from the claims for declaratory and injunctive relief.

However, <u>Younger</u> abstention is inapplicable to Lagueux's claims for money

damages.  <u>See</u> <u>Kirschner v. Kelmons</u>, 225 F.3d 227, 238 (2d Cir. 2000) ("[R]egardless

of the inapplicability or applicability of any exception, we hold that <u>Younger</u> abstention is

not appropriate with respect to Kirschner's claim for money damages under § 1983

against Klemons because it is a claim for money damages and not for declaratory or

injunctive relief."); <u>but</u> <u>see</u> <u>American Consumer Pub. Ass'n, Inc. v. Margosian</u>, 349 F.3d

1122, 1129 (9th Cir. 2003) ("<u>Younger</u> abstention is appropriate in actions for money

damages in those rare cases in which an adjudication of damages would interfere

directly with a pending state proceeding.  That is, courts must abstain when (but only

when) a necessary predicate of the claim for damages undermines a necessary

element in the pending state proceeding.").  Generally, courts encountering such a

scenario will stay the money damages claims pending resolution of the declaratory and

injunctive relief issues in the state court.  <u>Id</u>.  Here, however, rationales other than those

involved in the abstention discussion merit dismissal.  <u>See</u> <u>Quackenbush v. Allstate Ins.</u>

<u>Co.</u>, 517 U.S. 706, 721 (1996) ("We have thus held that in cases where the relief being

sought is equitable in nature or otherwise discretionary, federal courts not only have the

power to stay the action based on abstention principles, but can also, in otherwise

appropriate circumstances, decline to exercise jurisdiction altogether by either

dismissing the suit or remanding it to state court. By contrast, while we have held that federal courts may stay actions for damages based on abstention principles, we have not held that those principles support the outright dismissal or remand of damages actions.") (discussing Burford abstention); Kirschner, 225 F.3d at 238 ("[A]bstention and dismissal are inappropriate when damages are sought, even when a pending state proceeding raises identical issues and we would dismiss otherwise identical claims for declaratory and injunctive relief, but . . . a stay of the action pending resolution of the state proceeding may be appropriate.") (emphasis added). Here, while the court has the power to stay Lagueux's monetary claims pending resolution of the administrative appeal regarding the denial of his insurance producer's license, other grounds for dismissal of these claims exist that do not depend on, or potentially infringe, the pending state court proceedings. Accordingly, the court will proceed to consider those claims. See, e.g., Russo v. City of Hartford, 158 F. Supp. 2d 214, 230 (D. Conn. 2001) (holding in a case involving Younger abstention of section 1983 claims, "[T]he court does not find it necessary to stay the present case pending the outcome of the appeal in the state criminal case. The decision as to whether to stay a federal action on the ground that there is a related action pending in a state court is committed to the sound discretion of the district court." (citing United States v. Pikna, 880 F.2d 1578, 1582 (2d Cir. 1989)).

### 2. Official Capacity Claims

To the extent that Lagueux's section 1983[5] claims under federal law are directed against Leonardi in his official capacity, those claims are barred by the Eleventh

---

[5] Lagueux also appears to have brought claims pursuant to section 1981. However, "the exclusive federal damages remedy for the violation of the rights guaranteed by [s]ection 1981 when the claim is pressed against a state actor" is a section 1983 action. Jett v. Dallas Indep. Sch. Dist., 491 U.S.

Amendment. See Kostok v. Thomas, 105 F.3d 65, 68 (2d Cir. 1997) ("As a general matter, the Eleventh Amendment bars suits of any sort against a state in federal court unless the state has consented to be sued of Congress has expressly abrogated the state's immunity."); Gollomp v. Spitzer, 568 F.3d 355, 366 (2d Cir. 2009) ("[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of the state.") (internal quotations omitted); see also Kentucky v. Graham, 473 U.S. 159 (1985).  The Insurance Commissioner for the State of Connecticut qualifies as such an official.  Accordingly, the section 1983 claims for monetary damages directed against Leonardi in his official capacity are dismissed.

Lagueux's Title VII and Title VI monetary claims directed against Leonardi in his official capacity are dismissed under the sovereign immunity doctrine of the Eleventh Amendment.  See Nadimi v. Brown, 8 Fed.Appx. 122, 125 (2d Cir. 2001) ("[T]o the extent that the defendants were being sued in their official capacities [for a Title VII violation], the claims for damages and retroactive injunctive relief were barred under the sovereign immunity doctrine of the Eleventh Amendment.").

### 3. Individual Capacity Claims

Such claims against Leonardi in his individual capacity are also barred under the doctrine of quasi-judicial absolute immunity, as all of Lagueux's claims stem from Leonardi's adoption of the hearing officer's denial of Lagueux's insurance producer's license.  See Kuck v. Danaher, 822 F.Supp.2d 109, 147 (D. Conn. 2011) ("Quasi-judicial immunity should only extend to claims against defendants sued in their

---

701, 702 (1989); see also McKnight v. Connecticut, No. 3:10-cv-1471 (JCH), 2013 WL 321677, *3 (D. Conn. Jan. 28, 2013).  Accordingly, his section 1981 claims against Leonardi in both his official and individual capacities are dismissed.

individual and not official capacities").  While quasi-judicial immunity exists with regard to federal claims and Connecticut state law claims, the two doctrines, while similar, are distinct.  See Gross v. Rell, 585 F.3d 72, 79-80 (2d Cir. 2009).  "We clarify now that the federal law on quasi-judicial immunity applies to state officials sued in federal court on federal claims."  Id. at 81.  "In this context, the U.S. Supreme Court has set forth a 'functional' test that is binding on this court in matters of federal law."  Id. (quoting Cleavinger v. Saxner, 474 U.S. 193, 201-02 (1985).  The factors include:

> (a) The need to assure that the individual can perform his functions without harassment or intimidation; (b) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct; (c) insulation from political influence; (d) the importance of precedent; (e) the adversary nature of the process; and (f) the correctability of error on appeal.

Id.  The court notes that, "The Supreme Court has found that an executive branch administrative law judge or hearing officer who conducts hearings in accordance with the Uniform Administrative Procedures Act is entitled to absolute immunity."  Morneau v. Connecticut, No. 3:07cv819 (JBA), 2008 WL 2704817, *5 (D. Conn. July 7, 2008) (finding that members of the Connecticut Marshals Commission, which resolves disciplinary complaints against state marshals, were entitled to quasi-judicial immunity).

The only action Lagueux claims Leonardi undertook personally was adopting the hearing officer's recommendation, following a hearing, of affirming the initial denial of Lagueux's insurance producer license application.  It is apparent from the Complaint that such a hearing -- to which Lagueux was entitled under Connecticut law -- took place.  See Conn. Gen. Stat. 38a-19.  At such hearings, oaths may be taken, witnesses subpoenaed, and evidence produced.  See Conn. Gen. Stat. 4-177b.  Parties may be represented by an attorney, inspect and copy records, cross-examine witnesses, and

11

maker arguments. Conn. Gen. Stat. § 4-177c; Conn. Regs. § 38a-8-33; Conn. Regs. § 38a-8-39.  While Leonardi did not directly preside over the hearing here, it is clear that his role was adjudicatory.  See Conn. Gen. Stat. § 38a-774(a) ("Whenever a person other than the commissioner acts as the hearing officer, such person shall submit to the commissioner a memorandum of the findings and recommendations upon which the commissioner may bas a decision.").  As the Cleavinger factors are satisfied, Leonardi is entitled to quasi-judicial immunity for the federal claims brought against him in his individual capacity.  Accordingly, those claims are dismissed.

4.   State Law Claims

Because the court has abstained from the claims for declaratory and injunctive relief, and has dismissed all federal claims against Leonardi in his official and individual capacities, only state law claims remain.  The court declines to exercise jurisdiction over those claims as a result.

B.  Motion for Reconsideration

Lagueux has also moved this court to reconsider its Order denying his Motion to Supplement the Complaint.  The Order instructed Lagueux that if he wished to amend his Complaint, he should do so by means of an Amended Complaint.  See Doc. No. 25.

The Second Circuit has held that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted).  There are three grounds that justify granting a motion for reconsideration: (1)

an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice.  <u>Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.</u>, 956 F.2d 1245, 1255 (2d Cir. 1992).  That the court overlooked controlling law or material facts may also entitle a party to succeed on a motion to reconsider.  <u>Eisemann v. Greene</u>, 204 F.3d 393, 395 n. 2 (2d Cir. 2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion") (internal quotation marks omitted).  Lagueux has not met this standard.

However, while the court denies the motion for reconsideration, the court has, in connection with the Motion to Dismiss, reviewed the Motion to Supplement the Complaint and the attached documents to see if they would impact in any way on the court's Ruling on the Motion to Dismiss.  They do not.  The supplemental materials are all documents related to other proceedings involving the Insurance Commissioner and third parties.  Nothing in these documents affects the court's Ruling on the Motion to Dismiss.

Further, to the extent that Lagueux's Motion for Reconsideration is also a Motion to Remove Lagueux's Security Costs, that motion is also denied.  Lagueux has supplied no basis for the granting of that Motion.  Also, to the extent that Lagueux's Motion for Reconsideration is also a Motion to Recuse the Judge, that motion is denied.  Simply denying Lagueux's Motion to Supplement the Complaint is no basis for the recusal of a judge.

**V.      CONCLUSION**

For the foregoing reasons, the court **grants** Leonardi's Motion to Dismiss (Doc.

No. 13) as to all claims except the state law claims, over which the court declines to

extend its jurisdiction.  The court also **denies** Lagueux's Motion for Reconsideration

(Doc. No. 26).  The Clerk is directed to close the case.

**SO ORDERED.**

Dated at New Haven, Connecticut this 31st day of May, 2013.


/s/ Janet C. Hall_____
Janet C. Hall
United States District Judge